GROVER L. COVINGTON, Chief Judge.
The judgment appealed from is affirmed. The result is correct.[1] See Williams v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 388 So.2d 438 (La.App. 2d Cir.1980).
This case involves a dispute arising out of invitations issued by Louisiana State University Medical Center (hereinafter sometimes referred to as Medical Center) to bid on the removal of asbestos from the boiler room and an adjacent room at its facility located in New Orleans. Bids made in response to this invitation were opened on June 28, 1985. None of the bids were precisely in accordance with the bid specifications. One of the requirements of the bid specifications, as amended, was the obtaining of a $5,000,000.00 environmental *896 impact insurance policy. Although it was unknown to the Medical Center at the time of the issuance of the invitation to bid, this type of insurance is apparently unavailable. One of the bidders submitted a “no bid” letter because of the unavailability of the insurance; others submitted bids which excepted to the requirement of the $5,000,-000.00 environmental impact insurance policy; and still others may not have bid at all because of the inclusion of this specification in the advertisement for the invitation to bid. The Medical Center did not execute any contract with any of the bidders for this work pursuant to the bids opened on June 28, 1985. On August 14, 1985, the Medical Center issued new invitations to bid on the removal of asbestos from the boiler room and the adjacent room in its facility located in New Orleans, but did not include the requirement of a $5,000,000.00 environmental impact insurance policy.
Insulation Technologies’ bid appeared to be the lowest bid of the bids opened on June 28, 1985, but its bid, like the others, did not meet all of the specifications of the invitation. Despite that fact, Insulation Technologies (Insultech) was inadvertently sent copies of the contracts for signature on August 6, 1985 to be returned to the Medical Center within ten days for execution. They were in fact returned by Insulation Technologies on August 19, 1985, but were not signed by the Medical Center.
On August 8, 1985, the Medical Center notified Insultech that, in light of the exception it had made to the $5,000,000.00 environmental impact insurance policy, the Medical Center could not award the contract and would have to re-bid the asbestos removal project. The invited re-bids were scheduled to be opened September 10, 1985.
On August 30, 1985, Insultech filed a Petition for writ of mandamus and for in-junctive relief against the Medical Center seeking to enjoin the Medical Center from issuing invitations to bid, accepting bids, advertising, awarding contracts or executing contracts, or taking any other action or doing any other thing in connection with the asbestos removal work on which it had bid. It also sought the issuance of a writ of mandamus directing the Medical Center to sign contracts for the asbestos removal work with it pursuant to its bid opened on June 28, 1985. On September 5, 1985, this lawsuit was tried at a hearing based on a joint stipulation of facts, and the trial court denied Insultech’s request for temporary restraining order, preliminary injunction and the issuance of a writ of mandamus.
Thereafter, the plaintiff appealed, requesting a reversal of that portion of the judgment which denied its petition for writ of mandamus ordering the execution of the contract pursuant to the June bids.
After a thorough review and evaluation of the record, we are convinced that the evidence supports the facts found and the oral reasons for judgment assigned by the trial judge. We agree with the reasons assigned by the trial judge and adopt them as our own, copy of which is annexed hereto as Appendix A.
The judgment is affirmed at appellant’s costs.
AFFIRMED.
APPENDIX A
INSULATION TECHNOLOGY VERSUS
LOUISIANA STATE UNIVERSITY MEDICAL CENTER IN NEW ORLEANS
NO. 292,493 DIVISION “E”
19TH JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA ORAL REASONS FOR JUDGMENT
In this case, going back to the very beginning, the purpose of the public bid law is, in all fairness to the plaintiff in this case and in all fairness to the plaintiffs in every other case, not to protect businesses but to protect the taxpayers and make sure that they get the best they can, theoretically at least, for their dollar. In accordance with that, there have been a series of statutes enacted that set out a procedure, and *897 strangely enough many public bodies, even though the procedure is set out very clearly in statute, kind of leave out a few of the paragraphs when they go through the process. That is why we have a lot of these suits.
In this case, it is very clear to me, in retrospect, that one of the specifications which was included, at least based upon your argument, is presently insusceptible to anybody because they do not have such a thing right now. Tomorrow they may. There may be a lot of insurance companies that decide and say, look, let’s go ahead and create a product and sell it and take our chances. I am not satisfied from the stipulations that the defendant knew that at the time that the specification was included. In response to that, whatever bids that were submitted could not have possibly been in accordance with the specifications. As a matter of law, it was impossible. Also because of that there is a strong possibility and probability that there are a lot of folks out there who would, in seeing these specifications and realizing they could not meet the specifications, just forget it and go on with their own business. I do not know that for a fact. I only suggest that, and I think that any other conclusion would be impossible to explain.
At any rate, in retrospect, when the university got the bids for whatever reason, the letter was sent. Mr. Johnson argues that it was inadvertently sent, and you argue that it was, quote, an award. I do not know what it was, but I do know that if it was an award, it was illegal. If that was an award that was made to the bidder, that award was not a legal award. From a legal standpoint, it was no award, whatever you want to call it. A trophy from the Super Bowl if stolen from someone’s house by a burglar doesn’t make it his. It is the other guy’s trophy in his house.
An award, whatever you call it, if it is not legally made, is not an award. This was not legally made. It was not legally made because the bid was not in accordance with the specifications that were advertised. The entire thread that runs through the public bid law sets out a specific procedure which needs to be followed, and if any link in that chain does not exist as it is supposed to under the law, the whole process should go back to the beginning and start all over. I think that is just what happened in this case. There is no evidence that there was any attempt to enter into a conspiracy to deprive the plaintiff an opportunity to obtain this contract. Very possibly there was an error or mistake, but there is no question in my mind that there was non-compliance with the public bid law and that the defendant did the only thing it could do in accordance with the public bid law, that is, to start over.
That gets us to your argument about how it is not fair to the plaintiff because everyone knows what his bid is. The only way I can answer that argument is by saying that the spirit of the public bid law is to protect the taxpayers and not to protect the businesses. If the Court has to choose between which is to be treated more fairly, the taxpayers or the businesses, I have to side with the taxpayers because that is the purpose of the law. The plaintiff in this case can rebid and can rebid exactly the same amount that it bid initially although everyone knows what it is. I don’t know what it is and don’t care. They can bid less or bid more. It may be that they are the only bidder. I have no idea as to what is going to happen. I can appreciate the concern of the plaintiff because this is a contract the plaintiff wanted and wanted to sign and wanted to make some money on. Based on my ruling, it will be for now deprived of that. I think that the spirit of the public bid law would not be followed if I would grant either the injunction or the mandamus. I think the university, although inartfully done, finally accomplished what it should have done in the first place, that is, to add specifications which could be met and go through the procedure and crossing all the t’s and dotting all the i’s so that it ends up at the end with a valid contract, work which is performed, and no lawsuit. I frankly feel at this point and time that that’s the only way it is going to be accomplished.
*898 The bottom line is that I do not feel you are entitled to the preliminary injunction, so the request is denied. The alternative writ of mandamus will be recalled, vacated, and set aside. The suit will be dismissed at the cost of the plaintiff, and the judgment will be signed accordingly. Thank you, gentlemen.
Thursday, September 5, 1985.

. This matter was before this Court previously on a motion to dismiss the appeal as moot. The motion to dismiss was denied.